IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUENTIN SALMOND, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| NATHAN WILLIAMS *et al.*, *Defendants* | : : | No. 23-3806 |

### ORDER

AND NOW, this 8th day of November, 2023, upon consideration of Plaintiff Quentin Salmond's Motion to Proceed *In Forma Pauperis* (Docs. Nos. 1, 5), Prisoner Trust Fund Account Statement (Doc. No. 6), pro *se* Complaint (Doc. No. 2), and Motion for Appointment of Counsel (Doc. No. 4), it is **ORDERED** that:

1. The Motion to Proceed *In Forma Pauperis* (Docs. No. 1,5) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Quentin Salmond, LQ-6678, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Fayette or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Salmond's inmate account; or (b) the average monthly balance in Mr. Salmond's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Salmond's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr.

1

Salmond's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Fayette.

4. The Complaint is **DEEMED** filed.

5. For the reasons set forth in the accompanying memorandum, Mr. Salmond's claims are **DISMISSED WITHOUT PREJUDICE** as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Mr. Salmond may reassert his *Heck* barred claims only in the event his underlying sentence is reversed, vacated, or otherwise invalidated.

6. The Motion for Appointment of Counsel (Doc. No. 4) is **DENIED**.

7. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

BY THE COURT:

_____
GENE E.K. PRATTER
United States District Judge